UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BELL,<br><br>    Petitioner<br><br>    v.<br><br>ERIC ARNOLD, WARDEN,<br><br>    Respondent. | Case No. EDCV 18-598-JFW (GJS)<br><br>**ORDER: SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY** |

This 28 U.S.C. § 2254 habeas action commenced on March 22, 2018, when the habeas petition submitted by Petitioner was formally filed [Dkt. 1, the "Petition"]. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is "mixed," as it contains unexhausted claims,[1] and therefore, the Petition must be dismissed, for the following reasons.

---

[1] The Court may raise exhaustion problems sua sponte and dismiss a petition summarily for lack of exhaustion. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

On March 27, 2018, the United States Magistrate Judge issued her Order Re: Mixed Petition And Directing Response [Dkt. 4, "March 27 Order"]. The March 27 Order noted the following based on the Magistrate Judge's review of the record:

> The Petition alleges nine grounds for relief. Grounds Two through Five appear to correspond to the three claims that Petitioner raised in his direct appeal. Petitioner alleges that he raised Ground One in a habeas petition filed in the California Supreme Court, and the state court dockets show that Petitioner filed a habeas petition in the state high court on September 25, 2017 (Case No. S244568), which was denied on December 20, 2017. Thus, for argument's sake, the Court will assume that Grounds One through Five have been exhausted.[fn. om.]
>
> The remaining grounds of the Petition, however, appear to be unexhausted.[2] Petitioner does not allege whether or not he has raised Ground Six in any petition filed in the California Supreme Court. [Petition at 50-52.] The claim does not appear to have been a part of his direct appeal, so unless Petitioner included it in his Case No. S244568 habeas petition, the claim is unexhausted (and the record does not indicate that he did so). Petitioner affirmatively admits that Grounds Seven through Nine are unexhausted, and further alleges that he has not raised them in any proceeding before the California Supreme Court. [Petition at 57.]

(March 27 Order at 1-2.)

---

[2] [Footnote 3 in original: "Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review)."]

The March 27 Order noted that, because Grounds Six through Nine of the Petition are unexhausted, the Petition is "mixed" for exhaustion purposes. The March 27 Order explained to Petitioner his four options in light of the Petition's "mixed" nature and directed him to file a Response by no later than April 26, 2018, in which he was required to: state whether or not he conceded that the Petition is "mixed" and set forth any pertinent argument and documentation should he contend that the Petition is fully exhausted; and identify which of the options proffered to him he elects should this Court conclude that the Petition is "mixed." The March 27 Order explicitly advised Petitioner that, if he failed to take timely action in response to the March 27 Order, he would be deemed to have conceded that the Petition is "mixed" and should be dismissed for that reason.

The deadline for Petitioner's Response to the March 27 Order has passed and Petitioner has neither filed the required Response nor requested additional time to do so. The Court has reviewed the record and agrees with the Magistrate Judge that the Petition is "mixed" for the reasons set forth in the March 27 Order. Given Petitioner's failure to respond to the March 27 Order, the Petition remains "mixed."

The March 27 Order provided Petitioner with the opportunity to rectify the impediment to this action proceeding further caused by the "mixed" nature of the Petition and warned him that a failure to respond would be deemed to constitute a concession that the Petition is "mixed" and should be dismissed. Petitioner failed to utilize the opportunity afforded him to rectify this situation as well as to exercise any of the clearly-explained options available to him. Under these circumstances, the Court assumes Petitioner has no intention of dismissing the unexhausted claims or exercising any other option available in light of the Petition's "mixed" nature. Accordingly, because the Petition remains "mixed," its dismissal is required. *Rose*, 455 U.S. at 522.

For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of the Petition is required by Rule 4, because it is contains unexhausted

claims.  Accordingly, IT IS ORDERED that:  the Petition is dismissed, without prejudice, for failure to exhaust available state remedies; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 17, 2018

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE